UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD J. JABLONSKI,

    Plaintiff,

v.                                  Case No: 2:15-cv-383-FtM-38CM

CHRISTOPHER W. MARTIN, TODD M. LONERGAN and MARTIN, DISIERE, JEFFERSON & WISDOM,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice or Alternatively, Motion for a More Definite Statement (Doc. #10) filed on July 23, 2015. Plaintiff has not filed a response and the time to do so has expired. (See Doc. #13.) This matter is ripe for review.

The Complaint (Doc. #2) was originally filed in state court on May 20, 2015. On June 26, 2015, Defendants filed a Notice of Removal (Doc. #1) and this action was removed on the basis of diversity jurisdiction. Defendants seek to dismiss the Complaint

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

because it is vague, incoherent, and incomprehensible and fails to satisfy the Federal Rules of Civil Procedure.  (Doc. #10.)

Upon review of the Complaint, the Court agrees with Defendants to the extent the Complaint does not comply with the Local Rules of the District or the Federal Rules of Civil Procedure.  Furthermore, the factual allegations are a jumble of statements and it is unclear what claims, if any, Plaintiff is alleging against Defendants.  Therefore, the Court will grant Defendants' Motion to Dismiss to the extent that the Complaint is dismissed without prejudice.[2]

### *Discussion*

In ruling on a motion to dismiss, the Court "must accept the allegations set forth in the complaint as true."  Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).  Nonetheless, the plaintiff must still meet some minimal pleading requirements.  Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted).  To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Although the pleading standard announced in Fed. R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation."  Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the

---

[2] The Motion to Dismiss will be denied to the extent that Defendants seek dismissal of the Complaint with prejudice.  Due to Plaintiff's *pro se* status, the Court does not find that a dismissal with prejudice is warranted at this stage.

sufficiency of the allegations.  Sinaltrainal, 578 F.3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)).  The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F.3d at 1268 (citing Iqbal, 129 S. Ct. at 1950).

Plaintiff's Complaint fails to meet any of the standards outlined in Rule 8.  The Complaint is deficient in facts, law, and actual claims for relief necessary to be considered a proper pleading in Federal Court.  While the Court acknowledges that *pro se* pleadings are construed more liberally than those drafted by an attorney, Plaintiff is, nevertheless, required to follow the "minimum pleading standards" set forth in the Federal Rules of Civil Procedure.  See Dismuke v. Florida Bd. of Governors, No. 8:05CV340T17TBM, 2005 WL 1668895, at *4 (M.D. Fla. July 8, 2005).  However, in light of Plaintiff's *pro se* status, the Court will provide Plaintiff with <u>one</u> opportunity to file an Amended Complaint in conjunction with the instructions provided below.

### *Instructions for Proceeding Pro Se*

To assist Plaintiff in amending his Complaint, the Court will provide Plaintiff with some information about proceeding *pro se*.  The Court will inform Plaintiff of some, but not all, procedural rules with which he must comply with in this legal proceeding.  The Court reminds Plaintiff of these obligations because *pro se* litigants are subject to the same law and rules as litigants who are represented by counsel, including the Federal Rules of Civil Procedure ("Rule(s)"), and the Local Rules of the United States District

Court for the Middle District of Florida ("Local Rule(s)").[3]  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

All pleadings and other papers tendered to the Court must be typewritten, double-spaced, in at least twelve-point type, on unglazed white 8 ½ x 11 paper, and with 1 ¼ inch margins.  See M.D. Fla. Local Rule 1.05(a).  Pursuant to Rules 8(a)(2) and 10(b), the Amended Complaint shall set forth separate causes of action in numbered counts against specific defendants and contain "a short and plain statement" of Plaintiff's claims demonstrating that Plaintiff is entitled to relief.  See Fed. R. Civ. P. 8(a)(2), 10(b).  In particular, Plaintiff should describe in sufficient detail the factual basis for each of his claims and how each defendant is responsible.

Plaintiff shall not correspond with the Court or any Judge in letter form.  In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, Judges will only deliver decisions and opinions in response to documents filed with the Clerk's Office in accordance with the governing rules of procedure.  Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

All documents filed with the Court must be in the form of a pleading or motion.  See Fed. R. Civ. P. 7(a)-(b).  Each pleading, motion, notice, or other paper shall be presented in a separate document.  In addition, all documents filed with the Court must include a caption (the same as set forth in the operative complaint); a brief title that describes the

---

[3] All filings with the Court must be made in accordance with the Rules and Local Rules.  The Local Rules are available for review on the Court's website at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office.  The Rules are available for review in law libraries of the state and federal courthouses.

nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff must bear an original signature of Plaintiff, or they will be rejected by the Court.  Among other things, the signature serves as the party's certification that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made.  See Fed. R. Civ. P. 11(b).  Plaintiff is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.  See generally Fed. R. Civ. P. 11.

All pleadings, motions, or other papers filed with the Court must include a signed Certificate of Service.  The Certificate of Service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court.  At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail or hand delivery).  Fed. R. Civ. P. 5.

All requests for relief from, or action by, the Court must be in the form of a motion. See Fed. R. Civ. P. 7(b).  If Plaintiff seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, he must file a proper motion requesting that relief.  The motion must meet the requirements of all applicable rules, including the Rules and the Local Rules.  All motions must be accompanied by a legal memorandum with citation of

authorities in support of the relief requested. See M.D. Fla. Local Rule 3.01(a). Motions and memoranda cannot exceed 25 pages without permission from the Court. See id.

Further, Plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. Plaintiff must include a certification in the motion that he has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested. Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. Failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiff must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) requires briefs and legal memoranda in opposition to motions to be filed within 14-days after being served with such motion. Plaintiff must timely respond to the motions filed by other parties in this case, otherwise, the Court may assume he does not oppose that motion and the relief requested therein. If Plaintiff has missed a filing deadline, Plaintiff must file a motion seeking leave of Court to file the document out of time.

Plaintiff is advised that he must comply with many requirements and failure to do so can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. See Fed. R. Civ. P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all requirements and should not be relied upon as limiting Plaintiff's duties and obligations.

Plaintiff is directed to the Court's website at http://www.flmd.uscourts.gov.  There is a section titled Proceeding without a Lawyer with additional helpful information.

Accordingly, it is now

**ORDERED:**

1.   Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice or Alternatively, Motion for a More Definite Statement (Doc. #10) is **GRANTED in part and DENIED in part**.  The motion is granted to the extent that the Complaint is dismissed without prejudice and otherwise denied.

2.   Plaintiff shall file and Amended Complaint consistent with the directives of this Order on or before **November 20, 2015**

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of November, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record