UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD J. JABLONSKI,

    Plaintiff,

v.	Case No: 2:15-cv-383-FtM-38CM

CHRISTOPHER W. MARTIN,
TODD M. LONERGAN and
MARTIN, DISIERE, JEFFERSON
& WISDOM,

    Defendants.

## ORDER

Before the Court is Plaintiff's Motion for Extension of Time (Doc. 33), filed on December 18, 2015. The Court notes that the motion does not include a certification pursuant to Local Rule 3.01(g) that Plaintiff conferred with opposing counsel in good faith prior to filing the motion. Accordingly, the Court waited the requisite time period to allow Defendants to respond. No response has been filed. The motion is now ripe for review.

It appears that Plaintiff, *pro se*, seeks a 90-day extension to file his amended complaint. Doc. 33 at 1. As grounds, Plaintiff states that he is suffering from numerous medical issues, his computer died and he is attempting to get an attorney. *Id.* at 4-6.

On November 6, 2015, U.S. District Judge Sheri Polster Chappell granted in part and denied in part Defendants' motion to dismiss. Doc. 20. Judge Chappell directed Plaintiff to file an amended complaint on or before November 20, 2015. *Id.*

at 7.  Plaintiff later filed a motion for extension of time requesting 30 additional days to file his amended complaint.  Doc. 27.  The undersigned granted Plaintiff's motion and allowed Plaintiff until December 21, 2015 to file his amended complaint.  Doc. 28.  Now, Plaintiff seeks an additional 90 days to file an amended complaint. The Court finds that the time period requested is excessive and is not inclined to grant a 90-day extension.  The Court will allow Plaintiff up to and including **January 15, 2016** to file his amended complaint.

As noted, Plaintiff's present motion fails to comply with Local Rule 3.01(g). Local Rule 3.01(g) requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, contain a statement "stating whether counsel agree on the resolution of the motion."  Plaintiff previously has been reminded that although he is proceeding *pro se*, he must comply with both the federal and local rules.  Doc. 28 at 2.  Plaintiff's continued failure to comply with the local and federal rules may result in sanctions.

The Court also encourages Plaintiff to retain a lawyer.  Should Plaintiff continue to proceed *pro se*, the Court reminds Plaintiff that before preparing any further pleadings, Plaintiff is encouraged to visit the "Proceeding Without a Lawyer" section of this Court's website at www.flmd.uscourts.gov. The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer."  Plaintiff is informed that if he chooses to proceed *pro se*, it is mandatory that he proceed in accordance with Federal and Local Rules.  *Loren v Sasser*, 309

F.3d 1296, 1304 (11th Cir. 2002) (noting that despite certain leniency afforded *pro se* parties, they must follow procedures).

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Extension of Time (Doc. 33) is **GRANTED in part**. Plaintiff shall have up to and including **January 15, 2016** to file his amended complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on this 5th day of January, 2016.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record