UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD J. JABLONSKI,

        Plaintiff,

v.                                 Case No:   2:15-cv-383-FtM-38CM

CHRISTOPHER W. MARTIN,
TODD M. LONERGAN and
MARTIN, DISIERE, JEFFERSON
& WISDOM,

        Defendants.

_____

**ORDER**

Before the Court is Plaintiff's Motion for Extension of Time, construed as a Motion for Reconsideration (Doc. 37), filed on January 21, 2016.   According to Plaintiff's motion, Defendants do not oppose the requested relief.   Doc. 37 at 1.   For the reasons set forth below, Plaintiff's motion is denied.

On November 6, 2015, United States District Judge Sheri Polster Chappell granted in part and denied in part Defendants' motion to dismiss.   Doc. 20.   Judge Chappell directed Plaintiff to file an amended complaint on or before November 20, 2015.   *Id.* at 7.   Plaintiff later filed a motion for extension of time requesting 30 additional days to file his amended complaint.   Doc. 27.   The undersigned granted Plaintiff's motion and allowed Plaintiff until December 21, 2015 to file his amended complaint.   Doc. 28.   Plaintiff then filed another motion for extension of time requesting 90 days to file an amended complaint.   Doc. 33.   The Court was not inclined to allow Plaintiff an additional 90-days but the Court gave Plaintiff until

January 15, 2016 to file his amended complaint.   Doc. 34.   Plaintiff subsequently filed another motion for extension on January 12, 2016 again requesting a 60-90 day extension.   Doc. 35.   The Court allowed Plaintiff one final extension and granted him up to and including February 2, 2016 to file his amended complaint.   Doc. 36. With the additional extension, Plaintiff has been allowed nearly 90 days to file his amended complaint.   Plaintiff now states that he seeks more time than that allowed in Doc. 36.   Thus, the Court construes this motion as a motion for reconsideration.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly.   *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)).   The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice."   *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).   "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously."   *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision.   *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined. *Carter*, 2006 WL 2620302, at * 1.   The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).   "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

The Court finds that Plaintiff has not set forth any new facts or law to convince the Court to reverse its prior decision.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Extension of Time, construed as a Motion for Reconsideration (Doc. 37) is **DENIED**.   Plaintiff must file his amended complaint on or before **February 2, 2016.**   Plaintiff's failure to file an amended complaint on or before **February 2, 2016** could result in Plaintiff's case being dismissed for lack of prosecution.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of January, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record