UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD J. JABLONSKI,

    Plaintiff,

v.                                     Case No:   2:15-cv-383-FtM-38CM

CHRISTOPHER W. MARTIN,
TODD M. LONERGAN and
MARTIN, DISIERE, JEFFERSON
& WISDOM,

    Defendants.

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 55), filed on May 2, 2016. Plaintiff requests that the Court reconsider its denial of his request for an extension of time to respond to Defendants' Motion to Dismiss. For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

This case was removed from the Twentieth Judicial Circuit, in and for Lee County, Florida on or around June 26, 2015. Doc. 1. Plaintiff appears to allege claims against Defendants for breach of contract, fraud and negligence. Doc. 2 at 2. Defendants moved to dismiss the complaint on July 23, 2015. Doc. 10. On November 6, 2015, United States District Judge Sheri Polster Chappell granted in part and denied in part Defendants' motion to dismiss. Doc. 20. Judge Chappell directed Plaintiff to file an amended complaint on or before November 20, 2015. *Id.* at 7. After numerous extensions and nearly ninety days later, Plaintiff filed his Amended Complaint (Doc. 39) on February 2, 2016. *See* Docs. 28, 34, 36.

Defendants filed a motion to dismiss the amended complaint on March 9, 2016. Doc. 46. Plaintiff requested a 14-day extension to respond to the motion to dismiss which was granted by the undersigned. Docs. 49, 50. Plaintiff was granted up to and including April 6, 2016 to respond to the motion to dismiss. Doc. 50. On April 6, 2016, Plaintiff filed yet another motion for extension of time to respond to the motion to dismiss. Doc. 51. Judge Chappell allowed Plaintiff up to and including April 22, 2016 to respond to Defendants' motion to dismiss. Doc. 52. Judge Chappell specifically noted, however, that no further extensions would be granted. *Id.* Despite Judge Chappell's Order, on April 22, 2016, Plaintiff filed another motion for extension of time to respond to Defendants' motion to dismiss. Doc. 53. Pursuant to Judge Chappell's directive, the undersigned denied Plaintiff's request for an extension and reminded Plaintiff that no further extensions would be permitted. Doc. 54. Plaintiff now asks the Court to reconsider the denial because Defendants' counsel agreed to the extension. Doc. 55.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion for reconsideration should raise new

issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined. *Carter*, 2006 WL 2620302, at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

Here, Plaintiff appears to allege that because Defendants' counsel agreed to an extension, that is must be granted. Docs. 55 at 1, 3; 55-1 at 1. While the Court considers whether the opposing party has any objection to the requested relief, district courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Therefore, although the parties

agreed to the extension, the Court has an interest in moving this case forward. Therefore, Plaintiff's motion for reconsideration of the denial of his request for an extension is denied.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Reconsideration (Doc. 55) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of May, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record