UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD J. JABLONSKI,

Plaintiff,

v. Case No: 2:15-cv-383-FtM-38CM

CHRISTOPHER W. MARTIN, TODD M. LONERGAN and MARTIN, DISIERE, JEFFERSON & WISDOM,

Defendants.
___________________________________/

**ORDER**[1]

This matter comes before the Court on Plaintiff Edward J. Jablonski's "Plaintiff is of Motion Dismissed, of 'Order' did not Know Facts In" (Doc. #58) and "Motion Extension 2nd Amended, Me Today Paid Lawyer For Him To 2. (EJ) Filed Exhibited Facts, Asks Motion to Examine EXH's + Pre Files" (Doc. #60). Defendants did not respond to these filings.

Defendants removed this action to federal court on June 26, 2015. (Doc. #1). Shortly thereafter, Defendants filed a motion to dismiss Plaintiff's Complaint. (Doc. #10). The Court granted Defendants' Motion, finding Plaintiff's Complaint failed to meet any of the standards outlined in Federal Rule of Civil Procedure 8. (Doc. #20). Over the next four months, the Court granted Plaintiff several extensions of time to amend his complaint.

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

In February 2016, Plaintiff filed his Amended Complaint. (Doc. #39). Defendants filed another motion to dismiss, averring Plaintiff's Amended Complaint suffered from the same flaws as his original Complaint. (Doc. #46). The Court agreed and dismissed Plaintiff's Amended Complaint. (Doc. #59). The Court allowed Plaintiff one additional chance to produce a complaint that complied with the Federal Rules of Civil Procedure. (Doc. #59). Instead of complying with the Court's instructions, Plaintiff submitted the two filings at issue. Although difficult to interpret, the Court will construe these filings as a motion for reconsideration of the Court's May 25, 2016 Order (Doc. #59) and a motion for extension of time to file a second amended complaint. The Court will address each in turn.

*A. Plaintiff's Motion for Reconsideration*

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power that should be used sparingly. *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993).

Here, the Court finds no basis to reconsider its May 25, 2016 Order. Plaintiff's "Plaintiff is of Motion Dismissed, of 'Order' did not Know Facts In" (Doc. #58), which the Court construes as a motion for reconsideration, is filled with a confusing mixture of allegations and irrelevant facts. None of these allegations or facts warrant reconsidering the Court's conclusion that Plaintiff's Amended Complaint (Doc. #39) failed to satisfy the requirements set forth in the Federal Rules of Civil Procedure. Therefore, Plaintiff's motion for reconsideration is denied.

*B. Plaintiff's Motion for Extension*

Similar to the analysis above, Plaintiff's "Motion Extension 2nd Amended, Me Today Paid Lawyer For Him To 2. (EJ) Filed Exhibited Facts, Asks Motion to Examine EXH's + Pre Files" (Doc. #60), which the Court construes as a motion for extension of time, is a mix of confusing narrative and irrelevant facts. The Court warned Plaintiff in the May 25, 2016 Order that no further extension of times would be granted. (Doc. #59). Indeed, the Court previously granted Plaintiff over four months of extensions to file the amended complaint and allowed Plaintiff over one month to file the second amended complaint. The Court does not find good cause to grant similar extensions in this instance. However, because Plaintiff is proceeding *pro se*, the Court will allow Plaintiff one *final* extension. Plaintiff has until on or before Friday, July 8, 2016, to file the second amended complaint. Failure to meet this deadline will result in this action being dismissed without further notice.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's "Plaintiff is of Motion Dismissed, of 'Order' did not Know Facts In" (Doc. #58), which the Court construes as a motion for reconsideration, is **DENIED**.
2. Plaintiff's "Motion Extension 2nd Amended, Me Today Paid Lawyer For Him To 2. (EJ) Filed Exhibited Facts, Asks Motion to Examine EXH's + Pre Files" (Doc. #60), which the Court construes as a motion for extension of time, is **GRANTED in part.** Plaintiff has until on or before Friday, July 8, 2016, to file the second amended complaint. Failure to meet this deadline will result in this action being dismissed without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida, this 27th day of June, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record